UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUNO K. MPOY<br>10703 Lombardy Rd<br>Silver Spring, MD 20901,<br><br>  Plaintiff,<br>v.<br><br>THE GEORGE WASHINGTON UNIVERSITY<br>2121 Eye Street, NW<br>Washington, DC 20052,<br><br>  Defendant. | Civil Action No:<br><br>**Jury Trial Demanded**<br><br>Case: 1:16-cv-00818<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 5/2/2016<br>Description: Pro Se Gen. Civ. |

## COMPLAINT

Plaintiff Bruno K. Mpoy ("Plaintiff" or "Mr. Mpoy"), pro se, brings this action against The George Washington University ("GWU"), alleging as follows:

### INTRODUCTION

1)  Federal law requires all universities to provide equal educational opportunities to all students, including students with disabilities. Harassment, discrimination, and retaliation based on disability are prohibited by Section 504 of the Rehabilitation Act of 1973 and Title III of the Americans with Disabilities Act of 1990.

2)  Plaintiff has a disability that affects his ability to carry out major life functions and the performance of many daily activities. Plaintiff is a "qualified individual with a disability" as defined by 42. U.S.C. §12131(2).

3)  With proper accommodation, Plaintiff is capable of completing tasks, and he was able to complete all his academic assignments.

4)  During his time at The George Washington University, Plaintiff requested

1


RECEIVED
APR - 4 2016
Clerk, U.S. District and
Bankruptcy Courts

accommodation based on disability, but GWU granted plaintiff's requests only when it was convenient for GWU and denied them when GWU was more interested in establishing a smoke screen for its harassment, discrimination, and retaliation against Plaintiff.

5) Mr. Mpoy received mostly the grade of A for the vast majority of the courses he completed at The George Washington University. On Mary 17, 2015, Mr. Mpoy earned a degree of Master of Arts in Education and Human Development.

6) Mr. Mpoy made every effort possible to prevent this lawsuit, including writing to the provost and the general counsel of The George Washington University. Although some of Mr. Mpoy's efforts were fruitful, resulting in his graduation, GWU refused to treat Mr. Mpoy fairly, provide him equal educational opportunity, or refrain from discriminating against him on the basis disability.

7) As part of Mr. Mpoy's program of study at GWU, he was required to enroll and pay tuition for six credits for a teaching internship. Mr. Mpoy enrolled and paid tuition for the six credits.

8) The George Washington University assigned teaching internships to all students in the same program of study as Mr. Mpoy. GWU refused to assign Mr. Mpoy a teaching internship based on disability.

9) Mr. Mpoy sought and obtained a teaching internship on his own. GWU refused to supervise, evaluate, assess, or grade Mr. Mpoy's teaching internship as it did for all other students in the same program as Mr. Mpoy.

10) The George Washington University customarily issues a warning to students who are in danger of receiving a grade of incomplete or F; and it customarily engages in a contract with such student to establish a deadline by which such a student must complete the

requirements of a course or internship. GWU engaged in such contract with Mr. Mpoy in the past.

11) Having failed to provide, supervise, evaluate, assess, or grade Mr. Mpoy's teaching internship, GWU, without any warning or notice, issued Mr. Mpoy a grade of IF (incomplete/F) for the six credit course of the required internship.

12) The George Washington University did not warn, notice, or engage in any contract requiring Mr. Mpoy to complete the internship on a date certain prior to issuing Mr. Mpoy a grade of I/F for the teaching internship.

13) Plaintiff filed an administrative complaint against Professor Shotel for harassment and discrimination. Professor Shotel retaliated against Mr. Mpoy with a final grade of C+, even though Mr. Mpoy had earned the grade of A on all previous assignments in the course.

14) The George Washington University refused to remove the grade of F from Mr. Mpoy's academic record, and refused to issue Mr. Mpoy a refund. GWU also refused to hold a requested academic appeal hearing for Mr. Mpoy's C+ he received as a result of retaliation based on a complaint he filed against the professor for harassment and discrimination based on disability.

15) GWU continuously harassed and discriminated against Mr. Mpoy up until May 15, 2015, and the present, by denying him a fair hearing for his complaint against Professor Shotel. Mr. Mpoy filed the complaint because Professor Shotel stated, unjustifiably and only on the basis of disability, to Mr. Mpoy's classmates that Mr. Mpoy had had a difficult life, that he was a liar, that his speech was alarming, that his classmates were besieged by his speech, that perhaps Professor Shotel should reevaluate Mr. Mpoy's readiness to return to his program of

studies; and for separating Mr. Mpoy from online group discussions instead of allowing him to post his group discussion comments alongside those of his classmates.

16) GWU continuously harassed and discriminated against Mr. Mpoy up until May 15, 2015, and the present, by requesting that he disclose his medical information, in violation of the health information privacy and security act, to faculty and staff not trained or privy to such information; and by requiring him to submit a letter from his doctor and other health care professionals, attesting that Mr. Mpoy was fit to teach children. GWU had not asked Mr. Mpoy for such letter before he disclosed his disability. GWU did not ask other students in the same program as Mr. Mpoy for such letter.

17) GWU continuously harassed and discriminated against Mr. Mpoy up until May 15, 2015, and the present, by refusing to process his complaint against Professor Shotel formally, and by instead having Dean Feuer telephone Mr. Mpoy and appease him with false promises.

18) GWU continuously harassed and discriminated against Mr. Mpoy up until May 15, 2015, and the present, by threatening, without just cause, to take disciplinary action against Mr. Mpoy.

## PARTIES

19) Plaintiff is a United States citizen and a resident of Silver Spring, Maryland. He has a Bachelor of Science degree from West Virginia University and a Master of Science degree from American University. He earned a Master of Arts degree from GWU in May 2015.

20) The George Washington University is an institution of higher learning whose principal business office is located in the District of Columbia and which operates in the District of Columbia.

## JURISDICTION AND VENUE

21) This action is caused by the violation of Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973, as amended at 29 U.S.C. § 701 et seq., and under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

22) This action is also caused by GWU's breach of contract, which is a violation of Plaintiff's common law rights. The breach of contract claim arises from the same facts that gave rise to the claim under federal law. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367(a).

23) The events giving rise to this action all occurred in the District of Columbia. The venue for this action is appropriate pursuant to 28 U.S.C. § 1391(b). This Court has jurisdiction over the defendant pursuant to D.C. Code Ann. § 13-423.

## BACKGROUND

24) On May 15, 2015, GWU sent Mr. Mpoy a letter informing him that GWU would not grant his request for academic appeal of a C+ he received as a result of retaliation for filing an administrative complaint against professor Shotel; would not remove the IF grade from his transcript; and would not refund the tuition paid for the teaching internship.

25) On April 15, 2015, Mr. Mpoy wrote GWU concerning his academic appeal of C+ and the grade of IF.

26) On April 2, 2015, Mr. Mpoy discovered that he had received a grade of IF for the teaching internship.

27) In June 2014, GWU unjustifiably threatened to dismiss Plaintiff from school.

28) On June 10, 2014, Mr. Mpoy sent an email to GWU, requesting the supervision and evaluation of his teaching internship.

29) Sometime between June10, 2014 and April 2, 2015, GWU, without warning or notice, issued Mr. Mpoy a grade of IF for the teaching internship.

30) On May 12, 2013, Mr. Mpoy requested reasonable accommodation from GWU Disability Support Services Office of Diversity and Inclusion.

31) On May 10, 2013, GWU sent Mr. Mpoy a letter informing him that he had no further right of appeal for his complaint for harassment, retaliation, and discrimination based on disability; and stating that it will train its faculty and staff, presumably, on the prevention of discriminatory practices.

32) On May 9, 2013, Mr. Mpoy wrote the provost of GWU regarding the discrimination he suffered on the basis of disability.

33) On April 1, 2013, Mr. Mpoy developed and sent GWU a report describing the activities he performed during his internship.

## COUNT I
### HARASSMENT, RETALIATION, AND DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE REHABILITATION ACT OF 1973 AND TITLE III OF ADA

34) Plaintiff incorporates paragraphs 1 through 33 as if fully set forth herein.

35) GWU discriminated against Plaintiff by refusing to provide him a teaching internship; refusing to supervise, monitor, evaluate, assess, or grade the teaching internship Mr. Mpoy obtained on his own; by issuing Mr. Mpoy a grade of IF for the internship; by refusing to hold an academic appeal for the C+ he received in retaliation; by denying him a fair hearing for

his complaint for harassment and discrimination; and by requiring him to provide a letter from his doctor attesting that he was fit to teach children.

36) Defendant's continuous harassment and discrimination against Mr. Mpoy constitutes a violation of his rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

37) At all times relevant to this Complaint, Plaintiff was a qualified individual with a disability and Defendant was an entity covered under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

38) As a direct and proximate result of Defendant's actions, Plaintiff sustained and suffered and continues to suffer serious mental anguish, emotional and physical pain, reputational harm, and unjustified blemish of his academic record.

## COUNT II
## BREACH OF CONTRACT

39) Plaintiff incorporates paragraphs 1 through 38 as if fully set forth herein.

40) Plaintiff and Defendant entered into a contract through which Plaintiff promised to pay tuition and complete satisfactorily the academic requirements of the program of his studies at GWU. Defendant promised to grade Plaintiff's academic performance objectively and fairly in accordance with its established rules and procedures. Plaintiff met the requirements of the contract by paying for tuition and performing his academic work in accordance with established standards.

41) Defendant breached the contract by refusing to provide or supervise, monitor, assess, or grade Mr. Mpoy's teaching internship.

42) Defendant breached the contract by issuing Mr. Mpoy a grade of I/F without warning or notice.

43) Defendant breached the contract by refusing to issue Mr. Mpoy a tuition refund for the teaching internship and refusing to remove the grade of I/F from Mr. Mpoy's academic record.

44) Defendant breached the contract by issuing Mr. Mpoy a final grade of C+ in a course Mr. Mpoy had earned the grade of A on all previous assignments, and by refusing to hold an academic appeal requested by Plaintiff.

45) As a direct and proximate result of Defendant's actions, Plaintiff sustained, suffered and continues to suffer monetary damages, mental anguish, and unjustified blemish of his academic record.

## PRAYER FOR RELIEF

46) WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

47) Injunctive relief requiring GWU to remove the grade of IF and C+ from Plaintiff's academic record.

48) Actual and compensatory damages against Defendant for its violation of ADA and Section 504 of the Rehabilitation Act of 1973.

49) Actual and compensatory damages against Defendant for breach of contract.

50) Punitive damages for its known, willful, callous, and deliberate violation ADA and Section 504 of the Rehabilitation Act of 1973.

51) Reasonable Attorney's fees and costs.

52) Any such other, further, or additional relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by a jury of his peers for all preceding claims.

Bruno K. Mpoy
10703 Lombardy Rd
Silver Spring, MD 20901
(202) 716-9533
mpoy@rocketmail.com